IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

BEVERLY HUNT, SHENEKA GREEN,
Individually, and SHENEKA GREEN
as Next Friend and Natural Guardian
of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.,
a minor,

    Plaintiffs,

v.                                   No. 1:16-CV-01194-JDB-egb

                                     JURY DEMANDED

CELADON TRUCKING SERVICES, INC.,

    Defendant.

## COMPLAINT

The Plaintiff, Beverly Hunt, brings her separate claim for damages against the Defendant in the amount of Seventy-four Thousand Dollars ($74,000.00). The Plaintiff, Sheneka Green, individually brings her claim for damages against the Defendant in the amount of Seventy-two Thousand Dollars ($72,000.00), and the Plaintiff Sheneka Green as Next Friend and Natural Guardian of ▉▉▉▉▉▉▉▉▉▉▉▉. brings a separate claim on this minor's behalf against the Defendant in the amount Ten Thousand Dollars ($10,000.00) and for cause of action would state to the Court as follows:

### JURISDICTION AND VENUE

1.    The Plaintiffs, Beverly Hunt, Sheneka Green, and the minor, ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉, are citizens and residents of Jackson, Madison County, Tennessee.

2. The Defendant, Celadon Trucking Services, Inc., is a foreign corporation qualified and doing business in the State of Tennessee, having appointed National Corporate Research, LTD, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051, as its Registered Agent for purposes of service of process.

3. Should it be determined that the Defendant is uninsured or underinsured pursuant to T.C.A. §56-7-1206, the Plaintiff, Beverly Hunt, hereby gives notice to her uninsured motorist carrier, Allstate Insurance.

4. The Plaintiffs' claims are based in tort and seek damages from the Defendant as a result of a motor vehicle accident occurring June 23, 2012, on Cartmell Street near its intersection with U.S. Highway 70 in Jackson, Madison County, Tennessee.

5. Pursuant to the Order of this Court entered November 6, 2015, the Plaintiffs were ordered to re-file each of their claims in this Court as a condition of the Plaintiffs obtaining a voluntary dismissal without prejudice to the re-filing of their separate claims.

## FACTS

6. On June 23, 2012, the Plaintiff, Beverly Hunt, was operating her 2004 Chrysler northbound on Cartmell Street at or near its intersection with U.S. Highway 70 in Jackson, Madison County, Tennessee and was stopped in the right hand lane at the traffic light at the aforementioned intersection. The Plaintiffs Sheneka Green and the minor, █████████████. were passengers in the vehicle driven by the Plaintiff Beverly Hunt.

7. At the same time and place on June 23, 2012, Carlos Rutilo Ortiz

Aguirre was operating a 2012 International Tractor and Trailer owned by the Defendant Celadon Trucking Services, Inc., northbound on Cartmell Street at or near its intersection with U.S. Highway 70 in Jackson, Madison County, Tennessee and was stopped at the traffic light at the aforementioned intersection in the left hand turn lane.

8. Carlo Rutilo Ortiz Aguirre suddenly and without warning attempted to make a right hand turn from Cartmell Street onto U.S. Highway 70 from the left lane, striking the left side of the vehicle driven by the Plaintiff Beverly Hunt causing the Plaintiffs to suffer severe, painful and disabling injuries.

9. At all times relevant and on June 23, 2012, Carlos Rutilo Ortiz Aguirre was operating the 2012 International Tractor and Trailer owned by the Defendant Celadon Trucking Services, Inc. with the express consent and permission of the Defendant Celadon Trucking Services, Inc. Further, Carlos Rutilo Ortiz Aguirre was operating the vehicle of the Defendant Celadon Trucking Services, Inc. within the scope and course of his employment with the Defendant Celadon Trucking Services, Inc.

## DUTIES AND ACTS OF NEGLIGENCE

10. At all times relevant and on June 23, 2012, Carlos Rutilo Ortiz Aguirre was under a duty to conduct himself as would reasonable and prudent persons under the same or similar circumstances.

11. At all times relevant and on June 23, 2012, Carlos Rutilo Ortiz Aguirre was under a duty to drive with reasonable care, considering the hazards of weather, road, traffic and other conditions.

12. At all times relevant and on June 23, 2012, Carlos Rutilo Ortiz Aguirre was under a duty to maintain a reasonably safe rate of speed, to keep the vehicle under

reasonable control, to keep a proper lookout under the existing circumstances, to see and be aware of what was in that driver's view and to use reasonable care to avoid an accident and to obey the traffic laws.

13. At all times relevant and on June 23, 2012, Carlos Rutilo Ortiz Aguirre, was negligent in acting, or failing to act, in the following manner:

   a. He operated the vehicle he was driving in a reckless, negligent and careless manner and without regard for the health, safety and welfare of others;

   b. He failed to use reasonable care to avoid an accident;

   c. He failed to keep a proper lookout for other traffic properly upon the roadway;

   d. He failed to stop, turn aside, or otherwise avoid impact when, in the exercise of ordinary care, he could have done so;

   e. He failed to see and be aware of what was in his view;

   f. He failed to drive with reasonable care, considering the hazards of weather, road, traffic and other conditions;

   g. He failed to keep a proper lookout under the existing circumstances; and

   h. He failed to keep the automobile he was driving under reasonable control.

14. At all times relevant and on June 23, 2012, the following statutes of the State of Tennessee were in full force and effect, which statutes were violated by Carlos Rutilo Ortiz Aguirre:

   a. He violated T.C.A. §55-10-205(a) by operating the vehicle he was driving in a reckless manner;

   b. He violated T.C.A. §55-8-140 which states: Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway;

      c.      He violated T.C.A. §55-8-142(a) which states: No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in § 55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until this movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in §§ 55-8-143 and 55-8-144 in the event any other traffic may be affected by this movement

15. Each and all of the above acts and omissions set forth in paragraphs 13 and 14 above constitute negligence or negligence per se which was a proximate cause of the collision as well as the injuries and damages sustained by each of the Plaintiffs.

16. At all times relevant, Carlos Rutilo Ortiz Aguirre was operating the 2012 International Tractor and Trailer with the express knowledge, consent and permission of the Defendant Celadon Trucking Services, Inc. while employed by the Defendant Celadon Trucking Services, Inc. Under a theory of agency, master-servant, or respondeat superior, all such acts of negligence by Carlos Rutilo Ortiz Aguirre are imputed to the Defendant Celadon Trucking Services, Inc. thereby rendering said Defendant Celadon Trucking Services, Inc. liable in tort for all injuries and damages sustained by each Plaintiff.

<u>INJURIES AND DAMAGES</u>

17. As a direct and proximate result of the negligence of Carlos Rutilo Ortiz Aguirre, each plaintiff sustained the following injuries and damages for which he or she make separate claims against the Defendant:

      a.      Pain - past, present and future;

b.  Suffering - past, present and future;

c.  Medical expenses - past, present and future;

d.  Fear, shock, anxiety and emotional distress;

e.  Lost Wages;

f.  Loss of earning capacity;

g.  Loss of the normal pleasures and enjoyments of life, past, present and future;

h.  Property damage; and

i.  Loss of consortium

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Beverly Hunt sues the Defendant for compensatory damages in the amount of Seventy-four Thousand Dollars ($74,000.00). The Plaintiff, Sheneka Green individually makes a separate claim for damages not to exceed Seventy-two Thousand Dollars ($72,000.00). The Plaintiff, Sheneka Green as Next Friend and Natural Guardian of ███████████., a minor, brings a separate claim for compensatory damages in the amount of Ten Thousand Dollars ($10,000.00). The Plaintiffs demand such other, further and general relief to which they may be entitled upon the filing of this Complaint and demand a jury of twelve (12) to hear all issues on each of their separate claims for damages.

Respectfully submitted,


s/ T. VENRER SMITH_____
T. VERNER SMITH     #11686
Attorney for Plaintiffs
367-A N. Parkway, Suite 1
Jackson, Tennessee 38305
(731) 423-1888
(731) 423-1894 facsimile
verner@vernersmith.com


## COST BOND

I, T. Verner Smith, hereby acknowledge myself as surety for costs in this cause not to exceed One Thousand Dollars ($1,000.00).

This \_\_\_\_day of _____, 2016.


s/ T. VERNER SMITH_____
T. VERNER SMITH